IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:  YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) )  3:09-md-02100-DRH-PMF ) ) ) MDL No. 2100 |

**This Document Relates to:**

*Natalie Wilson, et al. v. Bayer HealthCare Pharmaceuticals Inc., et al.*[1]      No. 3:13-cv-10530-DRH-PMF

## ORDER OF DISMISSAL WITHOUT PREJUDICE
## (Failure To Comply With PFS Obligations)

**HERNDON, Chief Judge:**

This matter is before the Court on the Bayer defendants' motion, pursuant to Case Management Order 12 ("CMO 12")[2] for an order of dismissal, without prejudice, of plaintiff Rhonda Waterman's claims in the above captioned case for failure to comply with Plaintiff Fact Sheet ("PFS") obligations.[3]

Under Section C of CMO 12, each plaintiff is required to serve defendants with a completed PFS, including a signed declaration, executed record release authorizations, and copies of all documents subject to the requests for production contained in the PFS which are in the possession of plaintiff. Section B of CMO 12 further provides that a completed PFS is due "45 days

---

[1] This order applies only to plaintiff Rhonda Waterman.

[2] The parties negotiated and agreed to CMO 12, which expressly provides that the discovery required of plaintiffs is not objectionable.  CMO 12 § A(2).

[3] Bayer's motion sought dismissal of numerous cases. This order only addresses Bayer's motion as to Rhonda Waterman in the above captioned member action.

from the date of service of the first answer to her Complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, whichever is later."

Accordingly, the plaintiff was to have served a completed PFS roughly one year ago, in September 2013. Per Section E of CMO 12, Notice of Overdue Discovery was sent on November 18, 2013. As of the filing of Bayer's motion to dismiss, Bayer still had not received completed PFS materials from the plaintiff.

Under Section E of CMO 12, the plaintiff was **given 14 days from the date of Bayer's motion** to file a response either certifying that she served upon defendants and defendants received a <u>completed</u> PFS, and attaching appropriate documentation of receipt or an opposition to defendant's motion.

On August 25, 2014, the plaintiff filed a response. The plaintiff states that on August 19, 2014, she served Bayer with a completed PFS (Doc. 9) and asks the Court to deny Bayer's motion to dismiss.

On September 2, 2014, Bayer filed a reply. Bayer asserts the PFS submitted by the plaintiff is not substantially complete (Doc. 10). Bayer notes the plaintiff failed to provide *any* of the required authorizations for the release of her medical and other authorizations. In addition, Bayer argues the plaintiff's PFS is substantially incomplete because the plaintiff left numerous sections of the Fact Sheet blank, or responded that she does not know or does not recall information she should be able to provide with little or no investigation.

The Court has reviewed the PFS submitted by the plaintiff and agrees that it is not substantially complete. The PFS is not a test of what the plaintiff can or cannot recall. It is an affirmative obligation on the part of the plaintiff to gather facts and information that are critical to her claims. The plaintiff has not provided any of the required authorizations and has failed to provide information that she should be able to obtain. Accordingly, the Court finds that the plaintiff is not compliant with her PFS obligations.

**Therefore, THE COURT ORDERS AS FOLLOWS:**

The motion to dismiss is **GRANTED**. **The claims of Rhonda Waterman are hereby dismissed without prejudice.**

**FURTHER,** The Court reminds the **plaintiff** that, pursuant to CMO 12 Section E, **unless she serves the defendants with a COMPLETED PFS or moves to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a <u>Dismissal With Prejudice</u> upon defendants' motion**.

**So Ordered:**

Digitally signed by David R. Herndon

**Chief Judge**  
**United States District Court**

Date: **September 18, 2014**